HALLER *v.* HALLER.

5-2661                                                          356 S. W. 2d 9

Opinion delivered April 9, 1962.

*Virgil Roach Moncrief* and *John W. Moncrief,* for appellant.

*Botts & Botts,* for appellee.

ED. F. MCFADDIN, Associate Justice. From a decree awarding him a divorce and fixing child custody and support payments, the husband, Mr. Haller, prosecutes this appeal against the Chancery decision as regards divorce, child custody and support. The parties were married in 1954, and are the parents of a son five years of age. They separated in 1960; and Mrs. Haller filed suit for divorce, child custody, support, etc. Mr. Haller cross complained, seeking divorce, child custody, and property division. At the trial from which comes this appeal, the issue of property division seems to have been settled satisfactorily; but the other three issues remain.

I. *The Divorce Issue.* The Chancery Court denied Mrs. Haller's petition for divorce, and she has not appealed; so her claim is not before us. The Court granted Mr. Haller a divorce, and he claims the Court was in error, as he does not desire one. We thus have the strange spectacle of a man complaining because he received a divorce he had originally sought; but under the specific factual situation here presented, we conclude that Mr. Haller is correct, because, before final submission, he sought to dismiss his cross complaint for divorce. Mrs. Haller presented her case in chief; Mr. Haller pre-

sented his case; Mrs. Haller testified in rebuttal; and Mr. Haller testified in surrebuttal. Here is the concluding question asked Mr. Haller and the exact proceedings thereafter:

"The Court: That was after October 21st?

"A. Yes, sir.

"Mr. Moncrief:[1] That is all.

"Mr. Botts:[2] That is all.

"Witness excused.

"The Court: We have a complaint filed by Doris Haller against the defendant, Ralph Lewis Haller, under date of November 18, 1960, in which she seeks, among other things, divorce and absolute custody of the minor child and support and maintenance for the minor child, and she asks that she be awarded title and right of possession of certain property that the parties either purchased or were given to her in her individual capacity.

"The defendant was personally served and filed an answer November 28, 1960, denying the allegations of the complaint, and the defendant under date of December 19, 1960 filed a cross complaint in which he alleges that he is entitled to the possession of the minor son, Ralph Lewis Haller, Jr., and then under date of February 27, 1961 defendant filed an Amendment to his Cross Complaint in which he prays for a divorce from the plaintiff.

"Mr. Moncrief: We withdraw prayer for divorce.

"Mr. Botts: We object.

"The Court (continuing): The complaint of the plaintiff for prayer for divorce, on the basis of the evidence and the testimony, is denied, and her complaint for divorce will be dismissed. The plaintiff will be given custody of the minor child of the parties, subject to right

---

[1] Attorney for Mr. Haller.
[2] Attorney for Mrs. Haller.

of defendant to visit with this child at any reasonable hour and at any reasonable time. The defendant will be ordered to pay $18.00 per week for support and maintenance of this minor child. Mr. Botts is allowed an additional attorney fee of $100.00.

"Mr. Moncrief: Again I want the record to show we are dismissing our cross complaint for divorce.

"The Court: The Court is ruling at this time it is too late to withdraw complaint asking for divorce.

"Mr. Moncrief: We are using the word we are 'dismissing' it and the Court is using the word 'withdrawing' it. As I understand it, the court is denying dismissal of the cross complaint asking for divorce.

"The Court: That is right. I am denying your motion. You are in effect leaving the cross complaint in the record as I believe it should be at this late hour. Now it is probably too late to take a nonsuit or dismissal.

"Mr. Moncrief: Note our exception to that ruling of the Court."

The learned Chancellor evidently thought when each attorney said "That is all" and the witness was excused, that both parties had rested the case and submitted it for a decision. But we do not find the words "We rest" anywhere in the record. In the absence of the words "We rest," the Court proceeded to forthwith deliver the factual findings; but, before Mr. Haller's cross complaint for divorce was decided his attorney moved to dismiss it. The Court held that it was too late to dismiss the cross complaint; and in that ruling we conclude the Court was in error. Even if Mr. Haller did not have an absolute right to dismiss his cross complaint — which we hold he did—the Court still had discretion to allow him to dismiss his cross complaint for divorce; and under either theory we think the decree of divorce should be reversed.

Our statute on "Dismissal of actions" is § 27-1405 Ark. Stats., and says in part: "An action may be dismissed . . . first. By the plaintiff before the final submission of the case . . . to the court, . . ."

After final submission, the motion for voluntary nonsuit is within the discretion of the Court (*Raymond* v. *Young,* 211 Ark. 577, 201 S. W. 2d 583); but before final submission, the plaintiff (in this instance the cross complainant, Mr. Haller) has the absolute right to dismiss his cause of action. Our cases hold that a case is not submitted until the argument is closed and the case submitted to the jury or the Court. *Carpenter* v. *Dressler,* 76 Ark. 400, 89 S. W. 89; *Mutual Benefit* v. *Tilley,* 174 Ark. 932, 298 S. W. 215. In view of the record before us as heretofore detailed, we hold that Mr. Haller had not lost his absolute right of dismissing his cross complaint when his attorney stated such desire.

It must be remembered that the policy of the law is to maintain the marriage relationship, rather than to dissolve it. In C. J. S. Vol. 27A, page 27, "Divorce" § 8, holdings from the various jurisdictions are cited to sustain this text:

"It is generally recognized that the state or the public has an interest in the marital status, its continuance, and dissolution, but an unwilling party, although legally entitled to a divorce, cannot be compelled to procure a divorce, or to consent to a divorce, either ecclesiastical or civil, and it is always optional with a party who is legally entitled to a divorce whether to exercise the right. Thus, the guilty party in a divorce action has no personal right to insist that a divorce be granted against the wishes of the innocent spouse."

With regard to his willingness to maintain the marital relation, Mr. Haller testified:

"Mr. Moncrief (continuing): Mr. Haller, for the sake of your boy, after you had heard and seen what you saw, for the sake of your boy would you have preferred to go ahead and make a home?

"A. Yes, sir."

So we hold that the divorce should not have been awarded to Mr. Haller against his express wishes.[3]

Mrs. Haller relies on *Rowell* v. *Rowell*, 184 Ark. 643, 43 S. W. 2d 243, as being a case wherein the husband was not permitted to withdraw his suit for annulment, but the factual situation in the reported case is entirely different from that in the case at bar. In the Rowell case, the husband had filed suit for annulment of the marriage. The wife had cross complained for divorce. She put on her evidence to overcome the allegations and insinuations in his suit for annulment. He then asked to dismiss his complaint, apparently in an attempt to defeat the Court's jurisdiction; but the Court refused to dismiss his petition, denied him an annulment, and granted the wife a divorce. In the case at bar, the wife was denied the divorce; and the husband, in attempting to dismiss his cross complaint, was trying to maintain the marital status, which the law favors, as heretofore stated.

We therefore conclude that the decree of the Chancery Court awarding Mr. Haller a divorce was in error and to that extent the decree is reversed and the cause remanded with directions to set aside the divorce decree awarded Mr. Haller. Thus the parties remain husband and wife.

II. *Child Custody and Support.* Mrs. Haller all the time had the custody of the little boy; and Mr. Haller sought to have the Court give him the custody. We can not say that the Court erred in awarding the custody of the child to the mother. It is a well-established rule that the welfare of the child is the polestar; and there is nothing in the record to show that Mr. Haller could and would have provided a suitable home for the child. The

---

[3] In addition to the cases and authorities hereinbefore cited, we mention the following: In 138 A.L.R. 1,100, there is an annotation on "Right of plaintiff, or of defendant who has filed counterclaim or cross complaint, in an action for divorce, separation, or annulment, to a voluntary dismissal or nonsuit. And in 22 L.R.A. (N.S.) 999, there is a case note entitled "Right to enter decree of divorce against the objection of the spouse aggrieved." See C.J.S. Vol. 27A, page 539, "Divorce" § 146; 17 Am. Jur. 521, "Divorce and Separation" § 378; and see also *Dorsey* v. *Dorsey*, 226 Ark. 192, 289 S.W. 2d 190.

award of $18.00 per week for support appears to be reasonable in view of the circumstances of the parties. We therefore affirm the decree of the Trial Court as regards child custody and support.

III.   Visitation. The decree merely recites that the father is ''allowed to visit said child at reasonable times and under proper conditions. Mr. Haller insists that this indefinite language gives Mrs. Haller the right to determine when, where, in whose presence, and under what circumstances the father can visit with his son. The contention possesses merit, because there was testimony that the parents had disagreed as to what constituted reasonable times and proper conditions or circumstances for visitation and that Mrs. Haller had, on certain occasions, denied appellant the right to even see the child. Therefore, we think the Chancery Court might well state definite visitation rights for the father.

IV.   *Conclusion.* The divorce decree granted on the cross complaint of the appellant is reversed and the cause is remanded with directions to set aside the divorce, so that the parties remain husband and wife. We affirm those portions of the decree that awarded custody of the minor son to his mother and awarded her $18.00 per week child support. The Trial Court will also provide definite visitation rights for the father. All costs are to be paid by Mr. Haller, together with an additional fee of $100.00 to Mrs. Hallers attorneys for services on this appeal.