Ross FORTUNA *v.* Robert ACHOR et al

6182 · 497 S.W. 2d 251

Opinion delivered July 23, 1973

*Hodges, Hodges & Hodges* and *Dan Orr*, for appellant.

*Ponder & Lingo* and *Burris & Berry,* for appellees.

J. FRED JONES, Justice. This is an appeal by Ross Fortuna from an adverse chancery court decree in a land partition suit. The facts are somewhat confused by the length and nature of the litigation, but as near as we can determine from the record before us, they appear as follows:

It seems that Ross Fortuna and Robert Achor were originally residents of Florida and conceived the idea of purchasing and developing into residential plots, a large tract of land in Sharp County, Arkansas. Approximately 1,200 acres were thus acquired from local landowners apparently in 11 contiguous tracts of varying size in acreage. Legal title to some of the tracts was held by Fortuna and Achor as tenants in common with each owning a one-half undivided interest. Mrs. Achor was also a grantee in some of the deeds. The title to one of the tracts was taken in the name of Achor alone but actually belonged to Fortuna and Achor as tenants in common. The title to another tract was taken in the name of Fortuna alone but actually belonged to Fortuna and Achor as tenants in common. The title to another tract, designated as tract 10, was held by Fortuna, Achor, Edgar E. Huddleston, Elnora P. Huddleston and John C. McQuiston. Fortuna and Achor owned an undivided one-fourth interest in this tract as tenants in common, while Mr. and Mrs. Huddleston owned an undivided one-half interest and McQuiston owned the remaining one-fourth undivided interest.

It appears that some of the land had been replatted and some work and expense had been incurred in its development when Fortuna and Achor disagreed about going forward as co-tenants in the project. They attempted to divide their holdings between themselves but it appears that they were unable to effect a settlement pertaining to credits for expenses each had incurred in

developing the property. Their disagreement resulted in the commencement of this litigation when Fortuna and the Huddlestons filed a partition suit in the chancery court, with Mr. and Mrs. Achor and Mr. McQuiston as the named defendants. The Achors filed an answer admitting the ownership of the lands in common with Fortuna, but alleging that they had agreed to exchange interests in some of the property. They alleged certain expenditures in developing the property and prayed as follows:

> "Wherefore, defendants Robert Achor and Henretta Achor ask that their contract of division be enforced and all other lands jointly owned be divided in kind; that if this be not done, then an accounting be made and the lands divided in kind in such a way as to protect their investment; that if this cannot be done and the lands are ordered sold, that the amount an accounting shows should be credited to them should be deducted from Fortuna's share of the sale and added to their share of the proceeds of the sale; for their cost and all other proper relief."

The petitioners were represented in this suit by Attorney John Burris of the law firm of Dudley and Burris, and the respondents were represented by Attorney H. L. Ponder. The petition was heard by Chancellor Charles F. Cole who granted the petition. Chancellor Cole directed the parties to name commissioners to view and appraise the lands and the chancellor set out in detail the duties of the commissioners. He then continued the case pending report of the commissioners. Commissioners were selected by the parties and appointed as directed by the chancellor and the commissioners filed their report. The commissioners' report is omitted from the abstract as immaterial by the appellant, but Mr. and Mrs. Achor objected to the report of the commissioners and requested a hearing thereon.

In the meantime, the Honorable Charles F. Cole was replaced as chancellor by the Honorable Robert Dudley who was the presiding chancellor when Achors' objections to the commissioners' report came on to be heard. Upon request of Mr. and Mrs. Achor, Chancellor Dudley

disqualified himself from presiding in the matter because he was one of the attorneys of record representing the original petitioners in the case. At this point in the proceedings, Fortuna discharged Attorney Burris and he was permitted to withdraw as attorney for Fortuna by order of the Honorable Andrew Ponder who was sitting as chancellor on exchange. Attorney Burris, however, continued to represent the Huddlestons and the court reserved jurisdiction to award a reasonable attorney's fee as prayed by Burris for his representation of Fortuna. Following the disqualification of Chancellor Dudley, the Honorable Wayne Boyce was elected special chancellor to preside over the remainder of the case. The report of the commissioners was accepted and approved by the court; the property was ordered sold and the proceeds divided according to the interests of the parties. The partition sale has been conducted and the proceeds are being held subject to distribution pending this appeal.

Upon employing his present counsel, Fortuna filed a motion to prohibit Attorney Burris from further participation in the case as attorney for the Huddlestons or anyone else, and challenged the jurisdiction of the chancellor on exchange to relieve Mr. Burris from representing Fortuna. Mr. Fortuna also challenged the election of The Honorable Wayne Boyce as special chancellor to hear the case upon the disqualification of Chancellor Dudley. Both issues were resolved against Fortuna, and Achors' objections to the report of the commissioners were overruled.

Mr. Fortuna has appealed to this court and if we should attempt to discuss each argument he has advanced in support of the points he relies on for reversal, this opinion would become as lengthy and complicated as the record before us.

The appellant first contends that the chancellor erred in denying his motion to set aside the appointment of the special chancellor. We find no merit to this contention because under Ark. Stat. Ann. § 22-436 (Repl. 1962) a special chancellor may be elected in the same manner as special circuit court judges are elected, and § 21 of Art. 7 of the Constitution provides in part as follows:

". . . [I]f the judge of said court . . . shall from any cause be disqualified from presiding at the trial of any cause then pending therein, then the regular practicing attorneys in attendance on said court may in like manner, on notice from the judge or clerk of the said court, elect a judge to preside at such court or to try said causes, and the attorney so elected shall have the same power and authority in said court as the regular judge would have had if present and presiding. . . ."

We conclude from the record before us, that this procedure was properly followed in the case at bar.

The appellant next contends that the trial court erred in overruling his motion for a voluntary nonsuit without prejudice. We have held that after final submission, the motion for a voluntary nonsuit is in the sound discretion of the trial court. *Raymond* v. *Young*, 211 Ark. 577, 201 S.W. 2d 583. It is our view that this case was finally submitted when the petition was granted and partition ordered. All that remained to be done, or all that should have remained to be done, was the acceptance and approval of the report of the commissioners; the sale of the property and the distribution of the receipts. A more compelling reason, however, is that the Huddlestons remained petitioners for partition and, while they shared in the ownership of only one of the tracts, the Achors also prayed affirmative relief calling for partition of the property. We conclude that the chancellor did not abuse his discretion in refusing Fortuna's motion to dismiss without prejudice.

The appellant next contends that the chancellor erred in denying his motion to enforce a compromise agreement entered into October 1, 1971, and hold John Achor in contempt of court for failure to perform such agreement. From the record on this contention, it appears that at one of the court hearings the parties were in near agreement on a partition of the property, with the exception of one of the tracts on which some improvements had been made. At the chancellor's suggestion the attorneys with their clients retired from the courtroom in an effort to come to an agreement on this tract. It appears that

John Achor, a brother of the appellee Robert Achor, participated in the conference and offered to purchase the tract and pay Mr. Fortuna a specified amount therefor. It then turned out that John Achor was unable to raise the money with which to pay Fortuna, and the entire attempt at partition by agreement was unsuccessful. We are unable to find from the record where John Achor was acting as agent for his brother and sister-in-law, Robert and Henretta Achor in connection with this offer, and we conclude that Fortuna's remedy, if any, for the enforcement of John's alleged agreement, would be in a proceeding on contract rather than through contempt. We find no merit in this assignment.

The appellant next contends that his motion to disqualify the special chancellor should have been granted. It appears that the law firm of which the special chancellor was a member, at some time in the past had represented a book company in a garnishment proceeding against a bank in which John Achor had some funds. The entire matter was settled amicably and we find no merit to this contention.

The appellant next contends that the chancellor erred in awarding John Burris two legal fees. Mr. Burris was awarded a fee of $2,500 (based on 5% of the sale price) to be paid from the proceeds of the sale of tract 10 in which the Huddlestons owned a one-half undivided interest, and was awarded the additional amount of $2,500 to be paid from the sale of the remaining lands because of his work in connection with the overall partition suit. It is apparent from the record that the court considered these awards as one fee for Mr. Burris' work with the Huddlestons bearing the greater portion of it. Mr. Fortuna was the only one objecting to the payment of the fee and his objection seemed to primarily be on the basis that Mr. Burris should have been prevented from continuing in the case as attorney for the Huddlestons after he had been discharged by Fortuna, and that a $2,500 fee would be ample pay for his services until the time of his discharge by Fortuna. The lands sold at partition sale for over $100,000; Mr. Burris offered evidence that he had earned the fee awarded, and there was no evidence offered that he had not. We find no error on this assignment.

The appellant next contends that the court exceeded its authority in ordering tracts one through nine sold at the request of a litigant (Huddleston) not having proprietary interest in said tracts. We find no merit whatever in this contention. The petition was filed by Fortuna as well as the Huddlestons and the same action was requested in the alternative by the Achors as already set out. The petition was granted as to all the participants, including Robert and Henretta Achor as well as Fortuna, the Huddlestons and J. C. McQuiston.

The appellant next contends that the court erred in not enforcing the October 1, 1971, agreement requiring appellees Robert and Henretta Achor to pay John Burris' fee in the sum of $2,500. We find no merit to this contention because this arrangement was a part of the attempted agreement already discussed and which was never consummated because of John Achor's inability to raise the money with which to pay Fortuna.

The appellant next contends that the election procedure under Art. 7, § 21, of the Arkansas Constitution violates the Constitution of the United States. We do not agree with this contention. He next contends that the notice of sale was defective and the sale should be voided. The appellant argues several points under this assignment, including the argument that there were some tracts included in the sale that belonged to third parties who were not parties to the lawsuit. It appears that two or three of the building plots had been sold to third parties prior to the partition sale and that these lots were eliminated from the sale by an agreement of the parties. We find no merit to this assignment.

As already stated, to answer all the arguments presented in support of the points raised by the appellant in this case, would add many pages to this opinion. We have examined the entire record in this case and find no reversible error in any of the points raised by the appellant. We conclude, therefore, that the decree of the chancellor is not against the preponderance of the evidence and should be affirmed.

The decree is affirmed.