James A. DUTY and Opal Duty *v.* Barry WATKINS

88-291                                        768 S.W.2d 526

Supreme Court of Arkansas
Opinion delivered April 24, 1989
[Rehearing denied May 30, 1989.*]

*James A. Duty* and *Opal Duty*, for appellants.

*Bassett Law Firm*, by: *Curtis L. Nebben*, for appellee.

DARRELL HICKMAN, Justice. The appellants' lawsuit was dismissed because they refused to comply with an order compelling discovery. We affirm the court's action dismissing the appellant Opal Duty with prejudice, but we reverse and remand to allow James Duty to take a nonsuit.

James Duty and his mother, Opal, filed suit against Barry Watkins, an attorney. Watkins filed a motion to dismiss the complaint for failure to answer discovery requests. Since Judge Kim Smith had disqualified himself in the case, the motion to dismiss was heard by Judge Mahlon Gibson.

James Duty appeared *pro se* at the hearing and asked to take a nonsuit under ARCP Rule 41(a). The appellee claimed his motion to dismiss for failure to respond to discovery should be

---

*Purtle, J., would grant rehearing.

ruled on first. The trial judge agreed and granted the appellee's motion to dismiss with prejudice.

■■ James Duty's request for a nonsuit should have been granted. The rule is clear that the privilege to take a nonsuit before final submission of a case is absolute. *Haller v. Haller*, 234 Ark. 984, 356 S.W.2d 9 (1962) (interpreting Ark. Stat. Ann. § 27-1405 [Repl. 1962], virtually identical to Rule 41[a]). This case had not been finally submitted because, although the case had come to a hearing, the argument was not yet closed. *See Mutual Benefit Health & Accident Assoc. v. Tilley*, 174 Ark. 932, 298 S.W. 215 (1927).

■ Opal Duty did not appear at the hearing and made no motion for a nonsuit. James, as a layman, could not represent her, so the dismissal with prejudice stands as to her.

Since we are reversing to allow a nonsuit, we need not address the question of whether Judge Gibson should have disqualified on his own motion.

Affirmed in part, reversed and remanded in part.