Robert L. WRIGHT and Robert A. Wright
*v.* Bonnie EDDINGER

94-816                                                          894 S.W.2d 937

Supreme Court of Arkansas
Opinion delivered March 27, 1995
[Rehearing denied April 24, 1995.]

*Rieves & Mayton*, by: *Elton A. Rieves IV*, for appellant.

*Easley, Hicky & Clive*, by: *B. Michael Easley*, for appellant.

ANDREE LAYTON ROAF, Justice. This case involves the construction and interpretation of the Arkansas Rules of Civil Procedure. The principal point on appeal is whether under ARCP Rule 41(a) a trial court may grant a request for voluntary nonsuit where the trial court has announced its decision to grant the defendants' motions for summary judgment but the order has not been entered. We hold the granting of a voluntary nonsuit after final submission of the case is within the trial court's discretion. In accordance, we hold the trial court did not abuse its discretion and affirm the granting of the appellee's voluntary nonsuit.

On March 3, 1990, appellee Bonnie Eddinger was involved in an automobile collision in West Memphis, Arkansas. The driver of the other vehicle was appellant Robert Allen Wright. The accident report listed "Robert Wright" as operator and reported his address as 921 Rosewood, West Memphis, Arkansas. On March 3, 1993, the appellee filed a complaint in the Circuit Court of Crittenden County against "Robert Wright" and an insurance company. The complaint and summons named "Robert Wright"

and were mailed certified to 921 Rosewood, West Memphis. However, process was served upon appellant Robert L. Wright, the father of the Robert Wright who was driving the vehicle. Robert L. Wright filed a timely answer admitting jurisdiction and that the accident occurred; however, he denied that "this defendant was in any way negligent with regard to the occurrence." On July 6, 1993, several days after expiration of the time which appellee had to obtain proper service pursuant to ARCP Rule 4(i), Robert L. Wright moved for summary judgment on the basis that he was not the operator of the vehicle identified in the plaintiff's complaint. He acknowledged that his son, Robert A. Wright, was the operator of the vehicle.

On July 30, 1993, the appellee amended her complaint to include Robert Allen Wright of Nashville, Tennessee, as a defendant based on information provided by Robert L. Wright in discovery. Robert A. Wright filed a timely answer, and, on August 24, 1994, he also moved for summary judgment, on the basis that the action was barred by the statute of limitations. The same attorney represented both father and son.

A hearing was held on March 10, 1994, and the appellants' motions for summary judgment were argued to the trial court. During the hearing, counsel for the appellee conceded Robert L. Wright was not the correct "Robert Wright." Consequently, the trial judge stated he would grant the motion for summary judgment dismissing Robert L. Wright from the complaint. During the remainder of the hearing, the court entertained arguments regarding Robert Allen Wright's motion for summary judgment. At the conclusion of the hearing, the trial court indicated "I'm going to grant your motion for summary judgment." However, on March 18, 1994, the appellee filed a "Supplemental Memorandum Brief Resisting Defendant's Motion for Summary Judgment" in which she argued summary judgment was not proper and, in the alternative, requested a voluntary nonsuit pursuant to ARCP Rule 41(a). The appellants filed a response to Eddinger's memorandum on March 22, 1994.

The trial court granted the appellee's request to nonsuit without prejudice, and an Order of Nonsuit was entered on April 14, 1994. The trial court never entered any orders granting the summary judgments. Subsequently, the appellants moved to set aside

the order of nonsuit; however, after conducting a hearing, the trial court denied the motion.

On appeal, the appellants submit: (1) the circuit court erred in permitting the plaintiff to nonsuit her complaint after announcing that summary judgment would be entered in favor of the defendants but before the orders for summary judgment were entered, and (2) the circuit court erred by abusing any discretion it might have had in permitting the plaintiff to take a voluntary nonsuit after announcing that summary judgment was being entered on the plaintiff's complaint.

Arkansas Rule of Civil Procedure 41 provides in part:

> (a) **Voluntary dismissal: Effect Thereof.** Subject to the provisions of Rule 23(d) and Rule 66, an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court, provided, however, that such dismissal operates as an adjudication on the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based upon or including the same claim, . . .

We have held that the privilege to take a voluntary nonsuit is an absolute right prior to final submission to a jury or to the court sitting as a jury. *Lemon* v. *Laws*, 305 Ark. 143, 806 S.W.2d 1 (1991); *Whetstone* v. *Chadduck*, 316 Ark. 330, 871 S.W.2d 583 (1994); *Duty* v. *Watkins*, 298 Ark. 437, 768 S.W.2d 526 (1989).

Accordingly, we must first determine whether the nonsuit occurred before the "final submission of the case." If the nonsuit was requested before the final submission of the case, then the voluntary nonsuit was an absolute right. If the nonsuit was requested after final submission of the case, then we must determine whether it was within the trial court's discretion to grant a nonsuit under the instant circumstances.

We have noted that a case is not submitted until the argument is closed and the case submitted to the jury or the Court. *Haller* v. *Haller*, 234 Ark. 984, 356 S.W.2d 9 (1962); *See also Mutual Benefit Health & Accident Assoc.* v. *Tilley*, 174 Ark. 932, 298 S.W. 215 (1927). In *Duty* v. *Watkins, supra*, a hearing was held in reference to a defendant's motion to dismiss the com-

plaint for failure to answer discovery requests. The plaintiff appeared at the hearing and requested a nonsuit under ARCP 41(a); however, the trial court granted the defendant's motion to dismiss. We held a nonsuit should have been granted where the "case had not been finally submitted because, although the case had come to a hearing, the argument was not yet closed."

In *Mutual Benefit Health & Accident Assoc. v. Tilley, supra,* we affirmed the trial court's finding that a nonsuit was requested before final submission of the case. This Court stated the relevant facts as follows:

> At the *close of the testimony* the court indicated to the attorney for the appellee [plaintiff] that the proof was not sufficient to justify a recovery, and thereupon the attorney for the appellee asked leave to take a nonsuit, which leave the court granted, and dismissed the action without prejudice.

(Emphasis supplied.) In affirming the trial court's decision to grant the nonsuit, the Court wrote:

> Here, notwithstanding the court had indicated to the counsel for the plaintiff that the court did not think the proof sufficient to justify a recovery, counsel for plaintiff still had the right to ask permission to argue his client's cause before the court; and there is nothing in the record to show that the court, if asked, would have denied him this right and privilege. If counsel had availed himself of this right and privilege, he might have been able to convince the court that its view of the testimony before hearing the argument of counsel was erroneous and thus induced the court to find in favor of his client. Instead of taking this course, counsel for plaintiff elected to take a nonsuit, which he had a right to do.

In the instant case, the appellee contends the argument had not been concluded because she filed a Supplemental Memorandum in the "nature of a motion for reconsideration." However, under the appellee's theory, the losing party could simply submit a brief after the trial court's ruling and contend the case was never finally submitted. Further, there is no indication in the record that the trial court requested further argument. The hear-

ing had concluded and counsel had made its argument to the court. Although the case was submitted on motions for summary judgment, an adverse ruling to the plaintiff would finally dispose of the case. Consequently, we hold the case had been submitted to the court. *See Duty, supra.*

Even assuming the case was submitted, we hold the trial court did not abuse its discretion in granting the voluntary nonsuit. After final submission, the motion for voluntary nonsuit is within the discretion of the trial court. *Haller* v. *Haller*, 234 Ark. 984, 356 S.W.2d 9 (1962) (interpreting Ark. Stat. Ann. § 27-1405 (superseded)); *Fortuna* v. *Achor*, 254 Ark. 1035, 497 S.W.2d 251 (1973); *Raymond* v. *Young*, 211 Ark. 577, 201 S.W.2d 583 (1947); D. Newbern, *Arkansas Civil Prac. & Proc.*, §§ 22-2 and 22-3 (2d. ed. 1993). Although these decisions were based on superseded statutes, we have recognized that the superseded statutes were virtually identical to Rule 41(a) and the cases construing Rule 41(a) have interpreted it the same way the superseded statute was interpreted. *Duty* v. *Watkins, supra; Lemon* v. *Laws, supra*; D. Newbern, *Arkansas Civil Prac. & Proc.*, §§ 22-2 and 22-3 (2d. ed. 1993).

The appellants principally contend "the court abused its discretion since it is not apparent from the record that any good purpose would be served by such action and since the Plaintiff failed to show good cause as to why the Plaintiff delayed in seeking to nonsuit her Complaint." However, the appellants have the burden of demonstrating the trial court abused its discretion. *See Jones* v. *State*, 317 Ark. 131, 876 S.W.2d 262 (1994); *Burnett* v. *State*, 299 Ark. 553, 776 S.W.2d 327 (1989). Under the unique circumstances presented, we cannot conclude the trial court abused its discretion.

Finally, the appellee contends in her brief that ARCP Rule 11 sanctions should be assessed against the counsel for the appellants. The appellee submits she sought Rule 11 sanctions below; however, the trial court did not grant the request. Because the appellee seeks affirmative relief, she is precluded from raising this argument on appeal since she did not file a cross appeal. *See Edwards* v. *Neuse*, 312 Ark. 302, 849 S.W.2d 479 (1993).

In addition, the appellee filed a motion with this Court requesting Rule 11 sanctions. The Rules of Civil Procedure gov-

ern only the procedure in the circuit, chancery, and probate courts; therefore, we do not consider the appellee's motion for Rule 11 sanctions. *See* ARCP Rule 1; *Widmer* v. *Touhey*, 297 Ark. 85, 759 S.W.2d 562 (1988) (Glaze, J., concurring).

Affirmed.

GLAZE, and BROWN, JJ., concur.