Harry A. WEYMOUTH *v.* Johnny Lee CHISM

CA 01-94                                      55 S.W.3d 307

Court of Appeals of Arkansas
Division I
Opinion delivered September 26, 2001

*Brian K. Mueller,* for appellant.

*Gardner & Hardin, P.A.,* by: *Stephen C. Gardner,* for appellee.

ANDREE LAYTON ROAF, Judge. Harry A. Weymouth appeals from a summary judgment granted to appellee Johnny Lee Chism, dismissing Weymouth's negligence complaint against Chism based on the running of the three-year statute of

limitations. Weymouth had nonsuited a previous action filed against Chism in 1998, almost three years to the day after a 1995 vehicular accident. However, Weymouth had failed to serve this complaint upon Chism within the requisite 120 days. Weymouth refiled and timely served the complaint in 2000; Chism raised the statute-of-limitations defense in a motion for summary judgment. On appeal, Weymouth contends that the trial court erred in granting the motion because the sheriff who attempted service of the first complaint was deceived into believing that Chism had moved to another state. We affirm.

Weymouth and Chism were involved in an automobile accident on May 2, 1995. Weymouth filed a negligence action against Chism on May 1, 1998. Despite several attempts to serve Chism by certified mail and through the Pope County Sheriff's Office, Weymouth was unsuccessful in obtaining service on Chism within the 120 days required by Ark. R. Civ. P. 4(i), and did not seek an extension of time to do so. On October 9, 1998, after the 120 days had lapsed, Weymouth filed a motion for non-suit; the motion was granted by order dismissing the case without prejudice on July 1, 1999. Weymouth refiled the action on October 7, 1999, and timely served Chism on January 24, 2000. Chism moved for summary judgment, raising as an affirmative defense the statute of limitations. In his response, Weymouth denied that Chism was entitled to summary judgment and attached proof of his attempts to serve Chism the first complaint in 1998, including a warrant-service report from the Pope County Sheriff's Office stating "[m]oved new address is to Oklahoma (unknown where). Comes to Arkansas to visit in area every once in a while." The trial court granted the summary judgment, and Weymouth appealed.

On appeal, Weymouth argues that the trial court erred in granting the motion for summary judgment. Weymouth asserts that he should not be penalized for failing to file a motion for extension of time to have the summons served because he was deceived into thinking Chism had left the state. Weymouth analogizes this case to *Eddinger v. Wright*, 904 F. Supp. 932 (E.D. Ark. 1995), wherein the federal district court ruled that the statute of limitations had been tolled by the actions of the defendant's father, who had been mistakenly served with the complaint, in misleading the plaintiff into believing that she had served the proper defendant.[1]

---

[1] *See also Wright v. Eddinger*, 320 Ark. 151, 894 S.W.2d 937 (1995).

The resolution of this case involves the interpretation of both Ark. R. Civ. P. 3 and 4(i). Rule 3 provides in pertinent part that "[a] civil action is commenced by filing a complaint with the clerk of the proper court. . . ." In *Sublett v. Hipps*, 330 Ark. 58, 952 S.W.2d 140 (1997), the supreme court held that the effectiveness of the commencement date pursuant to Rule 3 is dependent upon meeting the service requirement of Rule 4(i). Rule 4(i) provides in pertinent part:

> *Time Limit for Service.* If service of the summons is not made upon a defendant within 120 days after the filing of the complaint, the action shall be dismissed as to that defendant without prejudice upon motion or upon the court's initiative. If a motion to extend is made within 120 days of the filing of the suit, the time for service may be extended by the court upon a showing of good cause.

We do not agree that *Eddinger* is analogous to this case, even assuming that Weymouth is correct in his assertion that the sheriff's office was somehow deceived into thinking that Chism had left the state, a fact not in evidence in the record before us. In *Eddinger*, the complaint was timely served upon the defendant's father, who had the same first and last names and resided at the same address as the defendant. The father first filed an answer, then later moved for summary judgment based on a lack of service after the expiration of the time in which the plaintiff had to obtain proper service under Rule 4(i). Here there was no service upon Chism whatsoever, and no attempt by Weymouth to obtain an extension of time to do so as provided by Rule 4(i).

Moreover, in *Green v. Wiggins*, 304 Ark. 484, 803 S.W.2d 536 (1991), a case with very similar facts, the supreme court held that where service of summons is not made on a defendant within 120 days after the filing of the complaint as required by Rule 4(i), the action is not commenced within the meaning of Rule 3, and the dismissal-without-prejudice language contained in Rule 4(i) does not apply if the action is otherwise barred by the running of the statute of limitations. Like Weymouth, the plaintiff in *Green* had refiled an action after dismissing his first complaint without making service within 120 days, and after the statute of limitations had run. Although the appellant in *Green* made no attempt to serve the initial complaint upon the appellees, and did not allege any deception on the part of the defendant in avoiding service, we conclude that the decision is nonetheless dispositive of the case

before us. Weymouth knew full well that service of his first complaint had not been accomplished, and consequently, was not deceived into failing to comply with Rule 4(i).

Affirmed.

PITTMAN and HART, JJ., agree.