Cite as 2024 Ark. App. 152

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-23-85

|  |  |  |
|---|---|---|
| ANGIE UNRUH | | Opinion Delivered February 28, 2024 |
| | APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-22-928] |
| V. | | |
| | | HONORABLE DOUG SCHRANTZ, JUDGE |
| FIVE STAR PAINTING SERVICES, LLC | APPELLEE | |
| | | REVERSED AND REMANDED |

**KENNETH S. HIXSON, Judge**

In this one-brief appeal, appellant Angie Unruh appeals from an order that dismissed her complaint against appellee Five Star Painting Services, LLC, with prejudice and ordered her to pay $350 in attorney's fees. On appeal, Angie argues that the trial court erred in ordering her to pay attorney's fees. We agree, and we reverse and remand.

On April 8, 2022,[1] Angie filed a breach-of-contract complaint against Five Star Painting Services, LLC, alleging that Five Star Painting Services, LLC, had contracted to perform painting work on Angie's home and failed to perform the work in a workmanlike manner in several respects. Five Star Painting Services, LLC, was served with the complaint on April 9.

---

[1]Because all the relevant events occurred in 2022, we will not include the year for any dates hereinafter referenced.

On May 5, Angie filed an amended complaint that did not include Five Star Painting Services, LLC, as a defendant and instead named Keith Crooks and KLC Group d/b/a Five Star Painting of Fayetteville as the defendants in the breach-of-contract action. Other than naming the new defendants, the material allegations in the amended complaint were the same as in the original complaint. The new defendants were served with the amended complaint on May 7.[2]

On May 7, Five Star Painting Services, LLC, filed a response to the original complaint. In its response, Five Star Painting Services, LLC, admitted that it is a company doing business in Arkansas but denied that it had ever contracted to perform nor had it performed any work for Angie. It alleged that Angie had brought her action against the wrong party. Five Star Painting Services, LLC, asked that Angie's complaint be dismissed and that it be awarded attorney's fees incurred in defending the action.

On June 14, Five Star Painting Services, LLC, filed a motion to dismiss wherein it acknowledged that an amended complaint had been filed against the new defendants but asked that it be dismissed from the action because it was the wrong party and had never contracted to do business with Angie. In its motion to dismiss, Five Star Painting Services,

---

[2]The new defendants filed a timely answer to the amended complaint, generally denying liability. The amended complaint was ultimately dismissed, and these defendants are not a party to this appeal.

LLC, asked for attorney's fees "incurred in responding to such complaint, as is supported by . . . the law attributable to contract disputes."[3]

On June 14, Angie filed a response to the appellee's motion to dismiss and its request for attorney's fees. Angie asserted that because she did not incorporate her original complaint into her amended complaint, the amended complaint superseded the original complaint and that Five Star Painting Services, LLC, was no longer a party and lacked standing to request any relief. In the alternative, in the event Five Star Painting Services, LLC, remained a party and had standing to request relief, Angie moved to voluntarily dismiss her complaint against Five Star Painting Services, LLC, without prejudice pursuant to Arkansas Rule of Civil Procedure 41(a).

On September 22, the trial court held a hearing on Five Star Painting Services, LLC's, motion for attorney's fees. At the hearing, Five Star Painting Services, LLC, argued that it had not yet been released from the case and that it was entitled to attorney's fees for having to defend the complaint wherein Angie had erroneously named it as the defendant. Five Star Painting Services, LLC, asserted that it was entitled to the attorney's fees as the prevailing party in a breach-of-contract action. Angie reiterated at the hearing that she had already asked for a dismissal without prejudice under Rule 41(a) and stated that she was entitled to such dismissal as a matter of right. Angie also asked that Five Star Painting Services, LLC's,

---

[3]Although not specifically stated in its motion, it is evident that attorney's fees were being sought pursuant to Ark. Code Ann. § 16-22-308 (Repl. 1999), which provides that the prevailing party in a breach-of-contract action may be entitled to a reasonable attorney's fee.

3

request for attorney's fees be denied. At the conclusion of the hearing, the trial court announced from the bench that it was going to award Five Star Painting Services, LLC, $350 in attorney's fees.

On October 24, Angie filed a motion to dismiss her case against the defendants named in the amended complaint with prejudice, stating that the parties thereto had resolved all disputes in the amended complaint. In her motion, Angie reiterated that she had moved to dismiss Five Star Painting Services, LLC, without prejudice pursuant to Rule 41(a), which is a matter of right, and argued that Five Star Painting Services, LLC, was not entitled to attorney's fees because it was not the prevailing party on the merits of the underlying claim.

On October 26, the trial court entered an order wherein it found that Angie's original complaint was filed against Five Star Painting Services, LLC, but that Five Star Painting Services, LLC, has no business relationship or dealings with Angie. The trial court, as a result of Angie's actions, ordered her to pay Five Star Painting Services, LLC, $350 in attorney's fees.

On December 2, the trial court entered the final order in the case. In that order, the trial court granted Five Star Painting Services, LLC's, motion to dismiss and awarded it a judgment for $350. The trial court also granted Angie's motion to dismiss her case against the defendants named in the amended complaint. The order dismissed the case against all the defendants with prejudice.

On December 6, Angie filed a timely notice of appeal from the December 2 order that dismissed Five Star Painting Services, LLC, with prejudice and ordered her to pay $350 in attorney's fees. On appeal, Angie argues that she had an absolute right to have her complaint against Five Star Painting Services, LLC, dismissed without prejudice, and that the trial court erred in ordering her to pay attorney's fees. For the following reasons, we agree that a dismissal without prejudice should have been entered by the trial court and that attorney's fees should not have been awarded.

As an initial matter, we do not agree with Angie's claim that because her amended complaint did not adopt or incorporate her original complaint, and it omitted Five Star Painting Services, LLC, as a defendant, Five Star Painting Services, LLC, was dismissed and became a nonparty upon the filing of the amended complaint with no further court action. It is true that an amended complaint, unless it adopts and incorporates the original complaint, supersedes the original complaint. *Edward J. DeBartolo Corp. v. Cartwright*, 323 Ark. 573, 916 S.W.2d 114 (1996). However, in *Shackelford v. Arkansas Power and Light Co.*, 334 Ark. 634, 976 S.W.2d 950 (1998), the supreme court made it clear that in instances such as this one, claims against parties that are named in the original complaint, even if not named in a substituted amended complaint, remain pending until dismissed by the trial court.

In *Shackelford*, appellant Shackelford filed a wrongful-death and survival action naming as defendants Arkansas Power and Light Company (AP&L); John Doe 1, electrician; and John Doe 2, boat-hoist manufacturer. Shackelford subsequently filed a second amended

substituted complaint naming only AP&L as the defendant. AP&L moved for summary judgment, and at the summary-judgment hearing, Shackelford assured the trial court that AP&L was the only remaining defendant. The trial court entered summary judgment in favor of AP&L, and Shackelford appealed. The supreme court in *Shackelford*, however, held that there was no final and appealable order and dismissed the appeal because the action against the John Doe defendants remained pending.[4] The *Shackelford* court wrote:

> In the case before us today, it is clear that the trial court has not entered a final order as to the two John Doe defendants. Pursuant to Ark. R. Civ. P. 41(a), a plaintiff may file a motion requesting a voluntary dismissal (or nonsuit) of a claim or claims against one or all of the defendants. . . . Ms. Shackelford . . . did not file a motion for a voluntary dismissal (or nonsuit) as to John Doe 1 and 2. Even if we assume that Ms. Shackelford's second amended and substituted complaint was in the nature of a motion to dismiss her claims against John Doe 1 and 2, there is no order in the record granting such a dismissal against these two defendants. In *Blaylock v. Shearson Lehman Bros., Inc.*, 330 Ark. 620, 954 S.W.2d 939 (1997), we recently held that the mere filing of a motion to dismiss is insufficient to conclude the action. Instead, the claim against the defendant remains until the trial court enters an order of dismissal. *Id.* Stated differently, an order of dismissal (or nonsuit) does not become effective until it is entered. *Id.*; *see also Standridge v. Standridge*, 298 Ark. 494, 769 S.W.2d 12 (1989). For these reasons, we conclude that Ms. Shackelford's claims against John Doe 1 and 2 are still pending.

*Shackelford*, 334 Ark. at 636, 976 S.W.2d at 951–52; *see also Woodlands Nursing & Ret. Ctr., Inc. v. DeQueen Therapy & Living Ctr., Inc.*, 2021 Ark. App. 275, 627 S.W.3d 557 (holding

---

[4]We acknowledge that, since *Shackelford* was delivered, the law changed in 2008 to provide that any claim against a named but unserved defendant, including a "John Doe" defendant, is dismissed by the trial court's final judgment. *See* Ark. R. Civ. P. 54(b)(5). Notwithstanding that change in the law, the supreme court's analysis of the issue in *Shackelford* remains instructive. Even under the new law, the John Doe defendants in *Shackelford* would not have been dismissed by the filing of the second amended complaint, and an order by the trial court would be necessary to effect their dismissal.

that an amended complaint that supersedes a previously filed complaint does not operate as a dismissal of the complaint without court action within the meaning of Rule 41).

Although the filing of Angie's amended complaint did not dismiss Five Star Painting Services, LLC, from the case in the absence of court action, Angie makes the alternative argument that if Five Star Painting Services, LLC, remained a party in the case (as we so hold), she was entitled to have her claim against Five Star Painting Services, LLC, dismissed without prejudice immediately upon request. We agree with this argument.

A similar situation occurred in *Duty v. Watkins*, 298 Ark. 437, 768 S.W.2d 526 (1989). In *Duty*, the appellee filed a motion to dismiss James Duty's complaint, and James Duty appeared at the hearing and asked to take a nonsuit under Rule 41(a), which provides that "an action may be dismissed without prejudice to a future action by the plaintiff before final submission of the case[.]" The appellee claimed his motion to dismiss should be ruled on first, and the trial court agreed and granted the appellee's motion to dismiss with prejudice. James Duty argued on appeal that his request for a nonsuit should have been granted, and the supreme court agreed:

> James Duty's request for a nonsuit should have been granted. The rule is clear that the privilege to take a nonsuit before final submission of a case is absolute. *Haller v. Haller*, 234 Ark. 984, 356 S.W.2d 9 (1962) (interpreting Ark. Stat. Ann. § 27-1405 [Repl. 1962], virtually identical to Rule 41[a]). This case had not been finally submitted because, although the case had come to a hearing, the argument was not yet closed.

*Duty*, 298 Ark. at 438, 768 S.W.2d at 527. The supreme court in *Duty* reversed the dismissal with prejudice and remanded for entry of a dismissal without prejudice.

In the instant case, even though Five Star Painting Services, LLC, had filed a motion to dismiss prior to Angie's request for a dismissal without prejudice, Angie's request for a nonsuit before submission of the case was absolute and should have been granted by the trial court. *See Duty*, *supra*. For that reason, we reverse the trial court's dismissal of Angie's complaint against Five Star Painting Services, LLC, with prejudice with instructions to enter a dismissal without prejudice.

This brings us to the primary issue in this case, which is whether Five Star Painting Services, LLC, should have been awarded attorney's fees. Because Angie's complaint against Five Star Painting Services, LLC, should have been dismissed without prejudice, we agree with Angie that attorney's fees should not have been awarded.

Arkansas follows the American rule that attorney's fees are not chargeable as costs in litigation unless permitted by statute. *City of Little Rock v. Nelson*, 2020 Ark. 19, 592 S.W.3d 666. Here, the only authority for the attorney's fees cited by Five Star Painting Services, LLC, was that it was the prevailing party in a breach-of-contract action under Ark. Code Ann. § 16-22-308. However, the supreme court has made it clear that to be the prevailing party entitled to attorney's fees under section 16-22-308, the litigant must be granted some relief *on the merits of the claim* and that a dismissal without prejudice does not sufficiently conclude the matter such that a determination of the prevailing party can be stated with certainty. *BKD, LLP v. Yates*, 367 Ark. 391, 240 S.W.3d 588 (2006); *Burnette v. Perkins & Assocs.*, 343 Ark. 237, 33 S.W.3d 145 (2000).

The decision to award attorney's fees and the amount to award are within the discretion of the trial court, and the exercise of that discretion will be upheld unless it is abused. *Burnette*, *supra*. Under the circumstances presented, we hold that the trial court abused its discretion in awarding attorney's fees to Five Star Painting Services, LLC. For the reasons explained above, Angie should have been granted a dismissal without prejudice, in which case no attorney's fees could be awarded because neither party prevailed on the merits of the breach-of-contract action. *See BKD*, *supra*; *Burnette*, *supra*.

In conclusion, we hold that the trial court erred in dismissing Angie's complaint against Five Star Painting Services, LLC, with prejudice, and we reverse and remand for entry of a dismissal without prejudice. Furthermore, as a result of this holding, we reverse the $350 in attorney's fees awarded by the trial court because Five Star Painting Services, LLC, has not prevailed on the merits of the case as contemplated by Ark. Code Ann. § 16-22-308.

Reversed and remanded.

KLAPPENBACH and BROWN, JJ., agree.

*Ken Swindle*, for appellant.

One brief only.