Cite as 2024 Ark. App. 577

# ARKANSAS COURT OF APPEALS
## DIVISION III
No. CV-22-102

| | |
|---|---|
| KERRY BAKER, AS THE ADMINISTRATOR OF THE ESTATE OF JAMES LUKE BAKER; AND KERRY BAKER, INDIVIDUALLY<br><br>APPELLANTS<br><br><br>V.<br><br><br>BRYAN ADAMS; SKYLAR WILSON; TRAVIS JONES; CARSON COOK; KARLA COOK; PRAIRIE WINGS SOUTH, LLC; AUSTIN TATE; JOHN TATE; PRAIRIE WINGS LODGE, LLC; CHRISTIE ADAMS; MARY TATE; RELIANCE HEALTH CARE, INC.; BRANDON ADAMS; AND TODD ROSS<br>APPELLEES | Opinion Delivered November 20, 2024<br><br>APPEAL FROM THE JEFFERSON COUNTY CIRCUIT COURT [NO. 35CV-18-1077]<br><br><br>HONORABLE ALEX V. GUYNN, JUDGE<br><br><br><br><br><br><br>REVERSED AND REMANDED |

**N. MARK KLAPPENBACH, Judge**

Although this case is based on a tragic factual situation, the issue before the court is procedural—whether a plaintiff's right to dismiss a case pursuant to Arkansas Rule of Civil Procedure 41(a) is absolute. We find that it is and reverse and remand.

I. *Background*

A. Facts and Early Filings

On October 24, 2015, Luke Baker died by a gunshot wound to his head at the Prairie Wings Duck Club. He was twenty years old. Luke was survived by his father, Kerry Baker; his mother, Gena Downey Baker; and his sister, Savannah Baker Case. Luke's friend, Skylar Wilson, was present in the room at the time of the gunshot, and two other friends, Carson Cook and Austin Tate, were staying at Prairie Wings when it happened. The death certificate issued the day of Luke's death listed the cause as a self-inflicted "GSW [gunshot wound] head." The Jefferson County Sheriff's Office conducted an investigation regarding Luke's death, but it was closed without any finding of criminal activity.

Three years later, on October 23, 2018, Luke's surviving immediate family members and his estate (the Estate) brought a wrongful-death lawsuit against all of the men present on the night of Luke's death, those men's parents, Prairie Wings, the owners of Prairie Wings, Travis Jones, and Reliance Health Care, Inc. The complaint alleged claims for wrongful death, premises liability, host liability, liability under Arkansas Code Annotated section 16-118-107 (Repl. 2016) against any person who committed certain felonies, intentional infliction of emotional distress, and punitive damages.

On January 4, 2019, the plaintiffs filed an amended complaint that set out more specific allegations against each of the defendants. The amended complaint alleged claims of wrongful death against Skylar Wilson, negligence against all defendants, premises liability against Prairie Wings and its owners, civil liability for acts committed in the course of a felony against all defendants, and intentional infliction of emotional distress against all defendants.

Throughout the case, the plaintiffs[1] were represented by different attorneys. At the beginning of the lawsuit, Kerry and the Estate were represented by Greg Stephens, and Gena and Savannah were represented by Marion Humphrey. A few months later, on December 11, 2018, Luther Sutter entered an appearance for Gena, and Sutter's partner, Lucien Gillham, also represented Gena. On June 10, 2019, Eric Buchanan entered an appearance for Kerry and the Estate, and Stephens withdrew from representing those parties on July 26, 2019. Finally, on February 6, 2020, Sutter and his law firm withdrew from their representation of Gena due to a conflict of interest. This left Gena as the only pro se plaintiff.

## B. Motion for Voluntary Nonsuit

On February 18, 2020, all plaintiffs except Gena (who was pro se by this point) moved to dismiss the amended complaint without prejudice under Arkansas Rule of Civil Procedure 41(a). The defendants responded to that motion, arguing that dismissal was improper at that time because certain evidence that the circuit court had ordered to be produced had not yet been given to the defendants. The response alleged that the motion to dismiss came after "more lies and misconduct" were exposed at the deposition of the plaintiffs' expert. At a hearing on July 27, the circuit court orally denied the plaintiffs' Rule 41(a) motion but never entered a written order.

---

[1]Only Kerry and the Estate have appealed, but the history of all plaintiffs and their representation is relevant.

3

On August 17, all plaintiffs except Gena renewed the motion to dismiss without prejudice under Rule 41(a).  The defendants responded, arguing that the circuit court should not rule until two discovery disputes were resolved.

C.  Motion to Dismiss with Prejudice Due to Alleged Fraud

Months later, on April 13, 2021, the defendants filed a renewed motion to dismiss the amended complaint with prejudice due to alleged misconduct and fraud by Kerry and various plaintiffs' attorneys.[2]  The motion was supported by eighty-one exhibits and alleged misconduct involving, among other things, the preparation of fraudulent paperwork to facilitate the exhumation of Luke's body, misrepresentations made to the Jefferson County Sheriff's Office in order to have the investigation reopened, the concealment of evidence related to the cause of death, attempts to influence expert witnesses and public officials regarding amendments to the death certificate, spoliation of evidence, and misrepresentations to the circuit court.

D.  Hearing and Order on Motions to Dismiss

The circuit court held a hearing on both motions to dismiss on June 2, 2021.  At the hearing, the defendants presented a lengthy argument summarizing the allegations of fraud and misconduct.  Although the plaintiffs' attorneys denied certain contentions against themselves personally, they primarily relied on the argument that they were entitled to

---

[2]The pleading is titled a "renewed" motion to dismiss because the same defendants had filed a previous motion to dismiss that was denied and that is not relevant to this appeal. The Tate defendants joined the renewed motion the following day.

4

dismiss their claims under Rule 41 without prejudice.[3] The circuit court first stated that it would dismiss the amended complaint with prejudice or hold a hearing pursuant to Arkansas Rule of Civil Procedure 11 to "dig a whole lot deeper and find out what's going on." Later in the hearing, the circuit court stated that it did not believe that a Rule 11 hearing was necessary. The plaintiffs objected to the dismissal with prejudice and did not address the possibility of a Rule 11 hearing. The circuit court went on to state that it believed certain attorneys for the plaintiffs had committed "fraud and mistruth"; and because it believed "there is a miscarriage of justice going on here," it stated that it would grant the defendants' motion to dismiss with prejudice.

On June 22, the circuit court entered an order granting the defendants' motion and dismissing the case with prejudice, finding that Rule 41(a)(1) did not act as "a bar from a Court exercising its inherent authority by dismissing a case with prejudice" when "abuse of process, fraud, misrepresentations, spoliation, and other misconduct resulting in a miscarriage of justice occurred." The circuit court further stated that the plaintiffs' filings "may" be in violation of Rule 11 and that the plaintiffs chose not to address the offer of a Rule 11 hearing. The circuit court went on to deny as moot all motions filed prior to the hearing, which included the appellants' motion for a voluntary nonsuit under Rule 41. Kerry and the Estate (the "appellants") timely appealed. Savannah and Gena did not appeal.

II. *Motion to Determine Jurisdiction*

---

[3]Several attorneys against whom the allegations were made had withdrawn by this point and were not present at the hearing. The appellants obtained new counsel for this appeal.

Before moving to the merits of this case, we address a motion filed by the appellants titled "Motion to Determine Appellate Jurisdiction and if Appropriate to Remand for Entry of Final Order." In that motion, the appellants note that defendant Mary Tate was dismissed without prejudice on February 28, 2019. Defendant Joe Whicker was also dismissed without prejudice on April 11, 2019. The claims against Ms. Tate and Mr. Whicker were brought by all plaintiffs, and they were dismissed from the case completely without prejudice. For this reason, the appellants contend it is possible that the circuit court's dismissal with prejudice is not a final, appealable order. We disagree.

This court has drawn a distinction between the dismissal of a claim without prejudice and the dismissal of a party without prejudice. *Barr v. FPI Ark. LLC*, 2020 Ark. App. 209, at 7, 598 S.W.3d 870, 874. In contrast to the voluntary nonsuit of a claim, "the dismissal of a *party* to an action, with or without prejudice, is sufficient to obtain finality and invest jurisdiction in an appellate court." *Id.* (emphasis in original). Here, the plaintiffs nonsuited two parties rather than simply dismissing a claim. The case is final as to those two parties, and jurisdiction is proper in this court.

Further, the plaintiffs in this case had one year to refile against Ms. Tate and Mr. Whicker after they were dismissed without prejudice. Ark. Code Ann. § 16-56-126(a)(1) (Repl. 2005). No plaintiff did so. Under the savings statute, the action against Ms. Tate and Mr. Whicker is therefore "forever barred." Ark. Code Ann. § 16-56-126(a)(1)–(2)(B).

III. *Issues on Appeal*

6

We now turn to the merits of the appeal. This court uses a de novo standard of review when determining the correct interpretation of the Arkansas Rules of Civil Procedure. *Greennecks Lawn Servs. LLC v. Lewis*, 2024 Ark. App. 404, at 5–6, 698 S.W.3d 367, 371.

A. *Absolute Right to One Voluntary Nonsuit*

Arkansas Rule of Civil Procedure 41(a) states:

> (1) Subject to the provisions of Rule 23(e) and Rule 66, an action may be dismissed without prejudice to a future action by the plaintiff before the final submission of the case to the jury, or to the court where the trial is by the court. Although such a dismissal is a matter of right, it is effective only upon entry of a court order dismissing the action.

It is axiomatic that a plaintiff has an "absolute right" to a voluntary nonsuit before a case is submitted. *See, e.g., Duty v. Watkins*, 298 Ark. 437, 438, 768 S.W.2d 526, 527 (1989); *Unruh v. Five Star Painting Servs., LLC*, 2024 Ark. App. 152, at 8, 685 S.W.3d 314, 319. "The absolute right to nonsuit may not be denied by the trial court." *White v. Perry*, 348 Ark. 675, 681, 74 S.W.3d 628, 631 (2002).

When the appellants filed their Rule 41 motion, the case was not submitted. It had not been submitted to a jury. It had not been subject to a bench trial. It was not subject to pending dispositive motions that had been fully briefed. It was not after the close of a hearing on dispositive motions. The parties note that a motion to compel was pending, but that is not a dispositive motion, and at any rate, it had not been fully briefed when the appellants filed their motion for voluntary nonsuit.

7

The supreme court has given preference to the absolute right to nonsuit over a defendant's motion to dismiss. *See White*, 348 Ark. 675, 74 S.W.3d 628; *Brown v. St. Paul Mercury Ins. Co.*, 300 Ark. 241, 778 S.W.2d 610 (1989); *Duty*, 298 Ark. 437, 768 S.W.2d 526. This is true regardless of whether the defendant's motion to dismiss would have been meritorious had appellant not moved to nonsuit. *White*, 348 Ark. at 682, 74 S.W.3d at 632.

The appellees argue that there should be a fraud exception to the absolute right to take a nonsuit. Our appellate courts have not addressed whether there should be a fraud exception to Rule 41(a)(1). However, the supreme court has declined to carve out an exception for res judicata. *See Lemon v. Laws*, 305 Ark. 143, 145, 806 S.W.2d 1, 2 (1991). In so holding, the supreme court stated, "If we applied the doctrine to a plaintiff's voluntary dismissal under Rule 41(a), we would be changing the absolute right to a qualified right. We would be creating two types of first-time nonsuits: those that could and those that could not be refiled." *Id.*

The supreme court has also declined to carve out an exception to Rule 41(a) when the parties argued that a dismissal with prejudice in the face of a voluntary nonsuit meant "the trial court reached the right result, albeit for the wrong reason." *White*, 348 Ark. at 682, 74 S.W.3d at 632. The supreme court reasoned,

> Were we to permit a trial judge to exercise his or her discretion in deciding a nonsuit before submission to the court or jury, we would be significantly eroding a plaintiff's absolute right to nonsuit before submission of the case. We would further be authorizing trial courts to examine the merits of a case, including affirmative defenses, in assessing whether to enter the nonsuit order prior to submission of the case for decision. This we will not do. In short, the entry of an order granting a nonsuit before submission of the case, as required

8

by Rule 41(a), is not discretionary with the trial court nor subject to an analysis based on an affirmative defense included in a defendant's motion.

*Id.* at 682–83, 74 S.W.3d at 632.

In other words, an order denying a voluntary nonsuit before the case has been submitted is reversible error, even if the circuit court reached the correct result on the merits. Although the circuit court in this case did not consider the merits of the appellants' lawsuit, the same reasoning applies because neither Rule 41 nor any cases interpreting that rule indicate that there are exceptions to the absolute right to one voluntary nonsuit.

## B. Rule 11 Sanctions

The appellees also argue that a circuit court can enter an order for sanctions at any time and that a motion for nonsuit does not strip its ability to do so. This is true. The supreme court addressed the interaction of Rule 41(a) and Rule 11 in *Whetstone v. Chadduck*, 316 Ark. 330, 871 S.W.2d 583 (1994). In that case, Chadduck moved during a hearing to dismiss his claims against Whetstone under Rule 41. The circuit court granted the motion and dismissed the action against Whetstone without prejudice. *Id.* at 332, 871 S.W.2d at 584. Even after the dismissal, the circuit court retained jurisdiction for the purpose of determining whether Rule 11 sanctions were appropriate. After a hearing, the circuit court awarded $1,000 in attorneys' fees to Whetstone. *Id.* The supreme court reversed the circuit court on the issue of the *amount* awarded as the sanction, but it did not reverse the circuit court's retention of jurisdiction to determine whether a Rule 11 sanction should be levied.

9

*Id.* at 333, 871 S.W.2d at 585. The case was remanded for the circuit court to consider whether a sanction of more than $1,000 was reasonable. *Id.*

The supreme court also addressed the issue of sanctions in *White*, *supra*, a Rule 41 case. In *White*, the circuit court dismissed the complaint with prejudice on the basis of res judicata because the plaintiff filed his case nine months after the supreme court had affirmed the dismissal of identical lawsuits in other counties. Although the circuit court and the defendants in that case were concerned that a dismissal without prejudice would allow the plaintiff to continue filing identical lawsuits that were clearly barred, the supreme court held that Rule 11 provided an avenue for dealing with such a possibility. *Id.* at 684, 348 Ark. at 633–34.

Similarly, here, Rule 11 provides an avenue for the circuit court to ensure that the justice system is not abused by the appellants and certain attorneys. *Whetstone* contemplates the circuit court's retaining jurisdiction after a Rule 41 motion is granted for the purpose of assessing sanctions, and *White* contemplates a circuit court's assessing Rule 11 sanctions if the same action is brought again.

The appellees argue that the circuit court in this case did impose Rule 11 sanctions by dismissing the case with prejudice. We disagree. The circuit court's order states, "The Court is greatly concerned that the complaint, amended complaint, and other filings *may be* in violation of Rule 11." (Emphasis added.) The circuit court also states that "the Court alternatively FINDS that another pathway to achieve the same result *could be* to conduct a Rule 11 hearing." (Emphasis added.) These statements are not clear enough to qualify as

10

an order for sanctions. The supreme court has noted that "we believe the better practice is for the trial court to give an explanation of its decision on Rule 11 motions sufficient for the appellate courts to review." *Egg City of Ark., Inc. v. Rushing*, 304 Ark. 562, 566, 803 S.W.2d 920, 923 (1991); *see also Bratton v. Gunn*, 300 Ark. 140, 143–44, 777 S.W.2d 219, 221 (1989). Statements that certain conduct "may be" in violation of Rule 11 or that a Rule 11 hearing "could be" a way to reach the same result is not sufficient for an appellate court to review.[4] Therefore, we do not consider whether the circuit court's order imposed allowable Rule 11 sanctions.

## IV. *Conclusion*

For the reasons detailed above, we reverse and remand the circuit court's order dismissing the appellants' lawsuit with prejudice.

Reversed and remanded.

THYER and WOOD, JJ., agree.

*Robert S. Tschiemer*, for appellants.

*Wright, Lindsey & Jennings LLP*, by: *Judy Simmons Henry, Scott A. Irby, Michael A. Thompson*, and *Jacob P. Fair*; and *Neely Law Firm*, by: *Efrem B. Neely, Sr.*, for separate appellees Bryan Adams; Skylar Wilson; Travis Jones; Carson Cook; Karla Cook; Prairie Wings South,

---

[4]The appellees also argue that other pathways leading to the same result included using Arkansas Rules of Civil Procedure 37 or 60. Rule 60 is inapplicable because no nonsuit order was entered to set aside. A Rule 37 analysis is also inapplicable because no Rule 37 motion was ever filed or argued.

LLC; Prairie Wings Lodge, LLC; Christie Adams; Reliance Health Care, Inc.; Brandon Adams; and Todd Ross.

*Quattlebaum, Grooms & Tull, PLLC*, by: *Thomas G. Williams*, for separate appellee Prairie Wings South, LLC.

*Friday, Eldredge & Clark, LLP*, by: *David D. Wilson* and *Martin A. Kasten*, for separate appellees Prairie Wings South, LLC; and Prairie Wings Lodge, LLC.

*Munson, Rowlett, Moore, and Boone, P.A.*, by: *Emily M. Runyon*, for separate appellees Karla Cook and Carson Cook.

*Fuqua Campbell, P.A.*, by: *Blake Hendrix* and *Annie Depper*, for separate appellee Skylar Wilson.