COMMUNITY DIALYSIS CENTERS, INC. *v.* Shyman
P. MEHTA

CA 89-359                                  797 S.W.2d 480

Court of Appeals of Arkansas
Division II
Opinion delivered October 24, 1990

*Ramsey, Cox, Bridgforth, Gilbert, Harrelson & Starling,*
by: *E. Harley Cox, Jr.*, for appellant.

*Bridges, Young, Matthews, Holmes & Drake*, by: *Terry F.
Wynne*, for appellee.

JUDITH ROGERS, Judge. The appellant, Community Dialysis Centers, Inc., is a corporation which operates hemo-dialysis facilities in several states, including one in Pine Bluff, Arkansas. Appellee, Dr. Shyman P. Mehta, is a certified nephrologist. Beginning in January of 1988, appellant leased a building in which to house its facility from appellee for an eight year term, and appellee began serving as the medical director at the center at that time. After a year, appellee informed appellant that he was terminating his relationship as medical director as of March of 1989. Thereafter, appellant filed suit against appellee asserting that appellee had breached an oral agreement for him to act as medical director throughout the term of the eight-year lease, and that appellee had tortiously interfered with its contractual relationships with its employees.

Appellee subsequently filed a motion to dismiss both claims for relief pursuant to Rule 12 of the Arkansas Rules of Civil Procedure. By his motion, appellee contended that appellant's first claim concerning the breach of an alleged oral contract for personal services was barred by the statute of frauds. Appellee also asserted that appellant had not stated a cause of action with regard to interfering with its contractual relationships. By order of June 1, 1989, the trial court dismissed appellant's first claim, but found that a valid cause of action was stated as to the second.

Appellant has appealed from this order dismissing the breach of contract claim, contending that its allegation of estoppel or detrimental reliance was sufficient to prevent the application of the statute of frauds. Thus, the appellant argues that a question of fact was presented such that the summary dismissal of its claim was in error. In an unpublished *per curiam* of April 4, 1990, we considered that the order of dismissal was not an appealable order under Ark. R. Civ. P. 54(b) in that the trial court had ruled that a valid cause of action had been stated on the second, remaining claim. Pursuant to Rule 54(b), an order in which fewer than all claims are adjudicated is not an appealable order unless the trial court expressly directs the entry of a final judgment to the claims disposed of and expressly determines that there is no just reason for delay. No such determination was made by the trial court here. We, however, remanded to the trial court to settle the record based on appellee's representation that the appellant had taken a voluntary non-suit on the remaining claim. The order spoken of by appellee was not contained in the record.

Pursuant to our directive, the record has been supplemented to include an order, dated August 7, 1989, approving the voluntary dismissal, without prejudice, of appellant's second claim. After further research, we, nevertheless, are compelled to dismiss the appeal for lack of a final order. It is a settled rule of law that whether a final order exists is a jurisdictional question which the appellate court has the duty and right to raise in order to avoid piecemeal litigation. *Hall* v. *Lunsford*, 292 Ark. 655, 732 S.W.2d 141 (1987).

In the case of *Ratzlaff* v. *Franz Foods of Ark.*, 255 Ark. 373, 500 S.W.2d 379 (1973), the supreme court addressed the issue of whether a party can convert an adverse ruling on a partial

summary judgment into a final, appealable order by taking a non-suit on claims still pending before the trial court. The supreme court determined that, in the interest of promoting the policy against piecemeal appeals, a party could not effect a final order in this manner. The court, quoting from *Woodruff* v. *State*, 7 Ark. 333 (1846), observed:

> It is not in the power of a party to single out a single issue, even by the most solemn contract of record, and submit it to the consideration of the supreme court, so as to elicit the opinion of the supreme court upon the law or the fact of that particular issue. Such a judgment would not be final, as not embracing all the issues in the case, and consequently it could not become the subject of an appeal or writ of error. The real object of the parties was to take the opinion of the supreme court upon the questions of law arising upon the demurrer to the second plea, but in order to receive the benefit of that decision it became absolutely necessary that the circuit court should pass upon all the issues joined.

*Ratzlaff* at 375, 500 S.W.2d at 380. *See also Yell* v. *Outlaw*, 14 Ark. 621 (1854). We are of the opinion that the same reasoning applies here. The trial court determined that a valid cause of action was stated as to the second claim, and appellant may not hold this claim in abeyance by taking a non-suit while seeking review of the question decided against it, thereby circumventing the policy against piecemeal appeals.

Since we do not regard the order appealed from as being final, we dismiss the appeal.

Dismissed.

WRIGHT, Acting C.J., and MAYFIELD, J., agree.