Edward FRENCH and Sarah L. French *v.* BROOKS SPORTS CENTER, INC. and Mike Brooks, Individually

CA 96-601                                        940 S.W.2d 507

Court of Appeals of Arkansas
Division II
Opinion delivered April 2, 1997

[Petition for rehearing denied May 7, 1997.]

*Bradley & Coleman*, by: *Robert J. Gibson*, for appellant.

*Lyons, Emerson & Cone*, by: *Jim Lyons*, for appellee.

WENDELL L. GRIFFEN, Judge. In April 1973, Appellants Edward and Sarah French entered into an agreement leasing a commercial building to Mike Brooks, individually, and as President of Brooks Sports Center, Inc., for a term of ten (10) years with monthly rent of $2,450.00. There were subsequent amendments to the original lease, extending the term to expire on April 1, 1993. The original lease contained a clause providing that:

> should the tenant fail to pay the rent as herein provided and should said rent remain unpaid for a period of thirty (30) days, the landlord or his agent may declare the lease terminated and re-enter and repossess the demised premises either with or without process of law and expel the tenant or those claiming under the tenant.

Appellees occupied and paid rent on the premises until November 30, 1992, thereafter abandoning the building without giving notice to appellants.

On January 6, 1993, counsel for appellants sent a letter to appellees advising them that they were in default of the lease

agreement, and that under the terms of the lease, appellants were "exercising their option to declare the lease terminated" and intended to reenter and repossess the building to mitigate their damages. The letter stated that appellees would be held responsible for subsequently accruing rent until a new tenant began paying rent, or until the lease expired, whichever occurred first.

Appellants found a new tenant to lease the building, beginning April 1, 1993. Appellants filed suit against appellees for unpaid rent in the amount of $9,800.00, damage to the property of $800.00, and conversion of property resulting in $1,413.00 in damages. Appellees filed an answer and a motion for partial summary judgment, requesting that appellants' claim for rent past January 6, 1993, (the date of the letter terminating the lease) be dismissed. The trial court ruled in favor of appellees without a hearing. Appellants then took a voluntary nonsuit of the property damage and conversion claims and moved for summary judgment for rents due prior to January 6, 1993. Appellants filed a notice of appeal of the partial summary judgment granted in favor of appellees. We hold that this appeal lacks finality, and dismiss the appeal.

We raise *sua sponte* the issue of whether this appeal is from a final judgment. Arkansas Rule of Appellate Procedure 2(a) permits appeals only from final orders of a trial court. An order must be final for the appellate court to have jurisdiction; thus, we may consider this issue even though the parties do not raise it. *Haile v. Arkansas Power & Light Co.*, 322 Ark. 29, 907 S.W.2d 122 (1995) (citing *Wilburn v. Keenan Cos.*, 297 Ark. 74, 759 S.W.2d 554 (1988); *Fratesi v. Bond*, 282 Ark. 213, 666 S.W.2d 712 (1984)). *Haile* cites *Ratzlaff v. Franz Foods*, 255 Ark. 373, 500 S.W.2d 379 (1973), a case with similar facts to the present appeal. In *Ratzlaff*, the plaintiffs brought three claims for relief against the defendants. After the trial court granted a partial summary judgment in favor of the defendants, the plaintiffs took a voluntary nonsuit on the remaining two counts in their complaint. *Id.* The supreme court held that the judgment was not an appealable order, and refused to violate the statutory policy against piecemeal appeals of Arkansas Rule of Appellate Procedure 2(a) (formerly

Ark. Stat. Ann. § 27-2101), which requires that parties may appeal only from final appealable orders. *Id.*

■ We also addressed this issue in *Community Dialysis Ctrs., Inc. v. Mehta*, 32 Ark. App. 121, 797 S.W.2d 480 (1990), holding that an appeal under similar facts was violative of Arkansas Rule of Civil Procedure 54(b). In that case we held:

> Pursuant to Rule 54(b), an order in which fewer than all claims are adjudicated is not an appealable order unless the trial court expressly directs the entry of a final judgment to the claims disposed of and expressly determines that there is no just reason for delay.

*Id.* at 122, 797 S.W.2d at 481. The trial court did not give a directive that a final judgment be entered only as to the partial summary judgment rendered in favor of appellees. Parties desiring to appeal from an interlocutory order must comply with Ark. R. Civ. P. 54(b).

■ The appeal presented has complied with neither Ark. R. App. P. 2(a) nor Ark. R. Civ. P. 54(b); therefore it is dismissed.

Appeal dismissed.

ROBBINS, C.J., and ROAF, J., agree.