Kerry MURPHY and Blue Monkey, Inc. *v.*
MICHELLE SMITH DESIGNS d/b/a Blue Dog Designs

CA 07-251                                   269 S.W.3d 390

Court of Appeals of Arkansas
Opinion delivered December 5, 2007

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *P. Benjamin Cox*, for appellants.

*Gill Elrod Ragon Owen & Sherman, P.A.*, by: *Roger H. Fitzgibbon, Jr.*, for appellee.

WENDELL L. GRIFFEN, Judge. Appellants Kerry Murphy and Blue Monkey, Inc., appeal from an order refusing to dissolve a preliminary injunction. We dismiss the appeal because the record was not timely filed.

In January 2004, Murphy sold the assets of his silk-screening and embroidery business, Blue Dog Designs, to Michelle Smith Designs ("Smith") and agreed to work for Smith as the manager of the business. Among the documents Murphy signed in connection with the sale was a "Non-Competition and Confidentiality Agreement," in which he essentially agreed not to compete with Smith or solicit Smith's customers or employees for two years after the end of his employment.

Murphy's employment ended on or about January 4, 2006. On March 2, 2006, Smith sued Murphy and the new company he was working for, Blue Monkey, Inc., claiming that Murphy violated the non-compete agreement by operating a business similar to Smith's and diverting Smith's customers and employees. The trial court entered a preliminary injunction on March 28, 2006, finding that Murphy was operating a screen-printing, embroidery, and design company that was doing substantially the same kind of work as Smith and performing services for Smith's customers. Murphy was enjoined from operating his business in nineteen Arkansas counties, pending a final determination on the merits.

The case was set for a final hearing on October 20, 2006. However, when Murphy learned that the case would be continued, he asked the court to dissolve the preliminary injunction. The court entered an order on January 23, 2007, denying Murphy's request. Murphy filed his notice of appeal from that order on February 22, 2007. The record was filed with our clerk's office on March 9, 2007.

Murphy's appeal is brought pursuant to Ark. R. App. P.–Civil 2(a)(6), which provides that an appeal may be taken from:

> An interlocutory order by which an injunction is granted, continued, modified, refused, or dissolved, or by which an application to dissolve or modify an injunction is refused.

When an appeal is taken from an interlocutory order pursuant to Rule 2(a)(6) or an order appointing a receiver pursuant to Rule 2(a)(7), "the record must be filed with the Clerk of the Supreme Court within

thirty (30) days from the entry of such order." Ark. R. App. P.–Civil 5(a). The order appealed from in this case was entered on January 23, 2007, making the record due on February 22, 2007. *See Johnson v. Langley*, 93 Ark. App. 214, 218 S.W.3d 363 (2005); *see also U.S. Bank v. Milburn*, 352 Ark. 144, 100 S.W.3d 674 (2003) (involving an appeal from an order appointing a receiver). However, the record was not filed until March 9, 2007. It was therefore untimely, and we are without jurisdiction to hear the appeal. *See Conlee v. Conlee*, 366 Ark. 342, 235 S.W.3d 515 (2006) (holding that the timely filing of the record is a jurisdictional requirement for perfecting an appeal). Consequently, the appeal must be dismissed.

Although neither party has argued this issue in their briefs, we have a duty to raise questions concerning our own jurisdiction even if the parties do not. *See generally Barnes v. Newton*, 69 Ark. App. 115, 10 S.W.3d 472 (2000).

Appeal dismissed.

HART and GLADWIN, JJ., agree.