Cite as 2020 Ark. App. 209

# ARKANSAS COURT OF APPEALS
### DIVISION II
**No.** CV-18-926

| | | |
|---|---|---|
| JOSEPH BARR | | Opinion Delivered: April 1, 2020 |
| | **APPELLANT** | |
| V. | | APPEAL FROM THE YELL COUNTY CIRCUIT COURT, NORTHERN DISTRICT |
| FPI ARKANSAS LLC AND FPI COLORADO LLC | | [NO. 75NCV-16-93] |
| | **APPELLEES** | HONORABLE TERRY SULLIVAN, JUDGE |
| | | APPEAL DISMISSED WITHOUT PREJUDICE |

## MIKE L. MURPHY, Judge

Joseph "Joey" Barr appeals from that portion of a partial summary judgment that granted appellees FPI Arkansas LLC and FPI Colorado LLC (collectively, FPI) an enforceable security interest in farm-program payments and crop-insurance payments he has received and which he may receive in the future. The circuit court also issued a permanent injunction enjoining Barr from disposing of any monies, payments, or proceeds received from various governmental entities related to the farmlands at issue. On appeal, Barr contends that FPI did not have valid security interests under Article 9 of the Uniform Commercial Code (UCC) in the governmental payments at issue. We dismiss the appeal without prejudice for lack of a final, appealable order.

FPI owns four tracts of farmland in Yell and St. Francis Counties. The four tracts,

known as Bobcat Farm, Ballymore Farm, Crow Farm and Ruder Farm,[1] were leased to Barr for the 2016 growing season. Each lease was for a period of three years and would expire at the end of the 2018 growing season. Each lease also specified that Barr would make semiannual rent payments on March 15 and November 15 of each year throughout the duration of the lease.

Each lease also had the following provision that is at the heart of this case.

**20. Landlord's Statutory Lien.** In addition to and not in limitation of any agricultural or similar statutory lien on all crops produced on the Farm, Tenant hereby grants to Landlord a security interest in all of Tenant's right, title and interest in and to all crops produced on the Farm or to be produced on the Farm to secure the payment of the rent hereunder, which security interest so granted is intended as additional and cumulative security. Tenant consents and authorizes Landlord to file or record such documents, financing statements or similar notices of Landlord's lien and the security interest granted hereunder as Landlord deems desirable or necessary under applicable law, including but not limited to, the Arkansas Uniform Commercial Code-Secured Transactions (the "UCC"). Tenant agrees to sign any and all documents in connection with Landlord's lien and the security interest as Landlord may request. In the event the Tenant fails to pay the rent in the manner provided in this Agreement promptly, Tenant shall be in default, and Landlord, without notice, shall then be entitled to immediate possession of all of the crops grown in the year of such default whether harvested or unharvested, including any in storage on or off the Farm. The provisions of the UCC and any other provisions for the establishment of agricultural and or crop liens of the Laws of the State of Arkansas are incorporated herein by reference and this security interest and agricultural lien and the disposition of such crops shall be controlled thereby, and the Landlord shall have all rights and remedies of a secured party under the UCC and other applicable law for the establishment of agricultural and or crop liens of the Laws of the State of Arkansas.

In August 2016, FPI filed UCC financing statements for each farm. The statements described the collateral as "[a]ll crops and crop proceeds, including, but not limited to insurance proceeds and government payments, grown on or related to the [four farms]."

---

[1]Bobcat Farm is located in St. Francis County, while the other three farms are located in Yell County. FPI Arkansas owns Ballymore Farm and FPI Colorado owns the other three farms.

They were prepared by FPI's attorney and not signed by Barr.

Barr was unable to obtain crop-production financing and thus failed to pay the March 15, 2016 rent installment on each farm. FPI elected to terminate the leases by letter dated April 19, 2016. According to Barr, after these notices were sent, FPI advised him to enroll in certain U.S. Department of Agriculture (USDA) programs and to plant soybeans on the acreage.

On September 21, 2016, FPI filed its verified complaint against Barr alleging four counts for breach of contract (Counts I–IV), one count for unlawful detainer (Count V), three counts for fraud (Counts VI–VIII), and one count for injunctive relief (Count IX). The count for injunctive relief requested that Barr be enjoined from disposing of any insurance-claim payments or government payments he has received or will receive that constitute FPI's collateral. FPI later amended its complaint to add one count for a civil action under Ark. Code Ann. § 16-118-107 (Repl. 2016) (Count X).

Contemporaneous with the filing of its complaint, FPI also filed a motion seeking a temporary restraining order and a preliminary injunction to prevent Barr from disposing of FPI's collateral—namely, insurance-claim payments from Diversified Crop Insurance Services (DCIS) and government payments from the Farm Service Agency.[2] By order entered on October 4, 2017, the circuit court granted FPI a preliminary injunction enjoining Barr from disposing of any monies, payments, proceeds or compensation received from the government related to the farm leases. The court also made extensive

---

[2]In his brief, Barr states that he received checks totaling $128,660 from DCIS, his crop-insurance carrier, and checks totaling $116,500 from government programs. The government-program checks were tendered to the circuit clerk.

findings explaining why FPI had a security interest in such payments. In making these findings, the court relied on the UCC's definitions of "collateral" and "proceeds."

Barr answered the complaint, denying that FPI had any right to, or interest in, federally reinsured crop-insurance proceeds or the FSA farm payments. Barr stated that he had relinquished possession of the property to FPI. Barr also asserted that FPI was the first party to breach, thereby excusing his performance under the leases. When FPI amended its complaint, Barr denied the material allegations of the amendment.

Following a hearing, the court entered an order on December 6, 2017, extending the preliminary injunction and enjoining Barr from disposing of any payments from various United States governmental entities and directing Barr to place into the registry of the court any payments related to the farms in this case.

On April 23, 2018, FPI filed its motion seeking partial summary judgment only on the breach-of-contract and injunctive-relief claims Counts I, II, III, IV, and IX. FPI sought judgment against Barr in the amount of $845,636.90. It also asserted that it was entitled to the approximately $116,000 in the court's registry. FPI also sought to have the preliminary injunction as to the government payments made permanent and extended to any crop insurance payments Barr may receive. In its accompanying brief, FPI argued that it was entitled to summary judgment because Barr had admitted that he failed to pay any amount due under the leases because he did not obtain crop-production financing.

On May 15, Barr filed his own motion for partial summary judgment as to Count IX (injunctive relief) of FPI's complaint. He argued that FPI did not have an enforceable security interest in the government payments. In a brief filed in support of his motion for

4

partial summary judgment and in opposition to FPI's motion, Barr argued that FPI did not have a valid security interest in the government payments because there was no assignment of those payments to FPI pursuant to applicable federal regulations.

At a June 15 hearing, the circuit court granted FPI's motion for partial summary judgment and denied Barr's motion. The court found that FPI had a security interest in the government payments. The court also made the preliminary injunction permanent and extended it to any crop-insurance payments Barr may receive pursuant to an arbitration claim with DCIS. The court reserved jurisdiction over any moneys Barr may receive in the future. The circuit court further awarded FPI the $116,500 that had been deposited into the court's registry pursuant to the preliminary injunction. On July 24, the court memorialized its bench ruling and entered judgment against Barr in the amount of $829,437.20, plus interest, on Counts I, II, III, and IV of FPI's complaint (the breach-of-contract claims) and on Count IX, which extended the preliminary injunction and permanently enjoined Barr from disposing of any FSA payments and crop-insurance proceeds generated by the leases other than by paying FPI.

After entry of the judgment on its breach-of-contract claims, FPI took a nonsuit as to its fraud and unlawful-detainer claims. The circuit court dismissed those claims without prejudice by order entered on August 8. This appeal followed.

Arkansas Rule of Appellate Procedure–Civil 2(a)(1) provides that an appeal may be taken only from a final judgment or decree entered by the circuit court. A final order is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *Johnson v. Windstream Commc'ns, Inc.*, 2016 Ark. App. 419.

5

Whether an order is final for appeal purposes is a jurisdictional question that this court will raise sua sponte. *Deer/Mt. Judea Sch. Dist. v. Beebe*, 2012 Ark. 93. When more than one claim for relief is presented in an action or when multiple parties are involved, an order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not a final, appealable order. Ark. R. Civ. P. 54(b)(1). The purpose of the rule is to avoid piecemeal litigation. *Toland v. Robinson*, 2017 Ark. 41. Here there are only two parties—FPI and Barr. However, FPI has asserted ten claims against Barr.

Barr is attempting to appeal the order granting FPI partial summary judgment. The order, however, disposes of fewer than all claims as to all parties. It therefore lacks finality and is not an appealable order. *See Brasfield v. Murray*, 96 Ark. App. 207, 239 S.W.3d 551 (2006). FPI dismissed its remaining claims (for fraud and unlawful detainer) by order entered on August 8, 2018. However, the parties to a lawsuit cannot create a final order by taking a voluntary nonsuit dismissing their remaining claims without prejudice. *Bevans v. Deutsche Bank Nat'l Tr. Co.*, 373 Ark. 105, 281 S.W.3d 740 (2008); *Haile v. Ark. Power & Light Co.*, 322 Ark. 29, 907 S.W.2d 122 (1995); *A Time for You, LLC v. Park H Props., LLC*, 2019 Ark. App. 282; *Park Plaza Mall CMBS, PTC v. Powell*, 2018 Ark. App. 48; *Pro Transp., Inc. v. Volvo Trucks N. Am., Inc.*, 96 Ark. App. 166, 239 S.W.3d 537 (2006); *French v. Brooks Sports Ctr., Inc.*, 57 Ark. App. 30, 940 S.W.2d 507 (1997). Voluntary nonsuits are governed by Arkansas Rule of Civil Procedure 41(a), which provides that an action may be dismissed without prejudice to a future action by the plaintiff—assuming there has been no previous dismissal. After a voluntary nonsuit, the plaintiff may refile the claim within one year. Ark. Code Ann. § 16-56-126(a) (Supp. 2019).

Generally, the dismissal of a *claim* without prejudice does not create finality. *Park Plaza Mall*, *supra*; *see, e.g.*, *Haile*, *supra*; *Ratzlaff v. Frantz Foods of Ark.*, 255 Ark. 373, 500 S.W.2d 379 (1973). By contrast, the dismissal of a *party* to an action, with or without prejudice, is sufficient to obtain finality and invest jurisdiction in an appellate court. *See, e.g.*, *Driggers v. Locke*, 323 Ark. 63, 913 S.W.2d 269 (1996). Here, FPI is dismissing several of its claims against Barr and cannot create finality. *Park Plaza Mall*, *supra*.

Neither does Ark. R. App. P.–Civ. 2(a)(6)—which permits an interlocutory appeal from an order granting, continuing, modifying, refusing, or dissolving an injunction— confer appellate jurisdiction in this case. Rule 2(a)(6) is a distinct basis for appeal from the rule providing for appeals from a "final judgment or decree." Ark. R. App. P.–Civ. 2(a)(1) & (6); *E. Poinsett Cty. Sch. Dist. v. Massey*, 317 Ark. 219, 223, 876 S.W.2d 573, 575 (1994). An appeal taken pursuant to Rule 2(a)(6) requires the appellant to file the record within thirty days from the filing of the first notice of appeal. Ark. R. App. P.–Civ. 5(a); *Murphy v. Michelle Smith Designs*, 100 Ark. App. 384, 269 S.W.3d 390 (2007); *Johnson v. Langley*, 93 Ark. App. 214, 218 S.W.3d 363 (2005). That was not done here. The circuit court's judgment was entered on July 24, 2018. Barr filed his notice of appeal on August 21, 2018. The record was not filed with our clerk until November 9, 2018, eighty days after the notice of appeal was filed. It was therefore untimely, and we are without jurisdiction to hear the appeal under Rule 2(a)(6). *See Conlee v. Conlee*, 366 Ark. 342, 235 S.W.3d 515 (2006) (holding that the timely filing of the record is a jurisdictional requirement for perfecting an appeal).

The partial summary judgment against Barr on the breach-of-contract claims prevents us from having a final, appealable order as to both parties, notwithstanding the

nonsuit of other claims against Barr. *Haile, supra*; *Ratzlaff, supra*; *French, supra*. When more than one claim for relief is presented in an action, or when multiple parties are involved, the circuit court may direct the entry of a final judgment as to one or more but fewer than all the claims or parties only upon an express determination, supported by specific factual findings, that there is no just reason for delay and upon an express direction for the entry of judgment. Ark. R. Civ. P. 54(b)(1). Absent a final order or a properly executed Rule 54(b) certificate, we do not have jurisdiction over this appeal. Ark. R. App. P.–Civ. 2(a)(1), (11).

Appeal dismissed without prejudice.

GLADWIN and SWITZER, JJ., agree.

*Law Office of Wendell L. Hoskins II*, by: *Wendell L. Hoskins II*, for appellant.

*Mitchell, Williams, Selig, Gates & Woodyard, P.L.L.C.*, by: *Christopher A. McNulty*, for appellees.