Cite as 2021 Ark. App. 152

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-20-271

| | |
|---|---|
| JAMES MARBLE, GEORGE MICHAEL STEELE, AND BOBBY DAN PRICE **APPELLANTS** <br><br> V. <br><br> SANGALLI PRIVATE VENTURES, LLC; AND JOE SUMMERFORD **APPELLEES** | **Opinion Delivered:** April 7, 2021 <br><br> APPEAL FROM THE WASHINGTON COUNTY CIRCUIT COURT [NO. 72CV-19-3213] <br><br> HONORABLE DOUG MARTIN, JUDGE <br><br> DISMISSED WITHOUT PREJUDICE |

**PHILLIP T. WHITEAKER, Judge**

This appeal arises out of a failed business venture. Appellants James Marble, George Michael Steele, and Bobby Dan Price formed a business entity known as Boot Heel Investments ("BHI"). BHI subsequently entered into a business arrangement with appellee Sangalli Private Ventures, LLC ("SPV"). Separate appellee Joe Summerford is legal counsel for appellants. When the parties' business venture failed, SPV filed suit in Washington County Circuit Court against appellants and Summerford. Appellants attempted to dismiss SPV's complaint, but the trial court denied their motion to dismiss, granted a preliminary injunction to SPV, and ordered Joe Summerford to transfer proxies in BHI to SPV. Appellants seek to appeal these orders. We lack jurisdiction to consider their claims, however, and dismiss the appeal.

We set forth the following abbreviated facts for purposes of this opinion. BHI was formed to mine and produce frac sand[1] on property located in Vicksburg, Mississippi. Because BHI did not have sufficient financial resources to develop and operate the mine, Marble, Steele, and Price entered into a securities-purchase agreement with SPV. Pursuant to this agreement, SPV agreed to invest $7 million in BHI in exchange for 25 percent membership interest in BHI. A disagreement subsequently arose regarding the need for additional funding to connect electricity to the mine as well as the overall management of BHI.

In April 2017, SPV filed suit in Arkansas seeking the dissolution of BHI and requesting damages for breach of fiduciary duty. The parties attempted mediation and subsequently signed a settlement agreement resolving their dispute. According to the terms of the settlement agreement, Marble, Price, and Steele agreed to buy out SPV's interest in BHI for $5 million with payment due on or before June 30, 2019. Upon receipt of the payment, SPV would relinquish its interest in BHI. In the event payment was not made as required, Marble, Price, and Steele agreed to execute proxies entitling SPV to vote their membership interests on any matter affecting BHI. Marble, Price, and Steele failed to make the required payment and instructed Summerford to retain the proxies.

As a result, SPV filed suit against Marble, Steele, Price, and Summerford for breach of the settlement agreement and requested specific performance, a declaratory judgment, and injunctive relief. Marble, Price, and Steele filed motions to dismiss arguing in part that

---

[1]Frac sand is a particularly high-quality sand used in the fracking of oil and gas wells.

Mississippi had exclusive jurisdiction over the dispute as a result of a forum-selection clause contained in the original securities-purchase agreement. Summerford filed a motion to interplead the proxies into the registry of the court.

The circuit court held a hearing on Marble's, Price's, and Steele's motions to dismiss; SPV's request for a preliminary injunction; and Summerford's motion to interplead the proxies into the registry of the court. After hearing the arguments of counsel, the circuit court entered an order denying the motions to dismiss; granting the preliminary injunction; and ordering Summerford to release the proxies. Marble, Price, and Steele now appeal from the denial of their motions to dismiss and the granting of the preliminary injunction.

We must dismiss this appeal for want of jurisdiction. As to the appeal of the trial court's denial of the motions to dismiss, we lack a final, appealable order. Rule 2 of the Arkansas Rules of Appellate Procedure–Civil (2020) lists the orders from which an appeal may be taken. Generally, a party may appeal an order that dismisses the parties from the court, discharges them from the action, or concludes their rights to the subject matter in controversy. *Evins v. Carvin*, 2013 Ark. App. 185, 426 S.W.3d 549. We have held that when a trial court denies a defendant's motion to dismiss, the denial is not a final judgment from which an appeal may be taken as the only matter disposed of by the order is that the case should proceed to trial, and those matters put in issue are not lost by continuing through a trial of the matter. *Id*.; *see also C.P. v. State*, 2011 Ark. App. 415, at 2 ("We have long held that the denial of a motion to dismiss is not an appealable order."). Here, the parties are still proceeding below, and the cause of action is ongoing. The trial court's denial of their motions to dismiss did not conclude the matters between the parties or discharge them from

3

the litigation. As such, their claims in this regard are not currently appealable, thereby depriving us of the jurisdiction to entertain their arguments at this time.

We must also dismiss the appeal with respect to the preliminary injunction. We acknowledge that Rule 2(a)(6) of the Arkansas Rules of Appellate Procedure–Civil permits an interlocutory appeal from an order granting, continuing, modifying, refusing, or dissolving an injunction. However, Rule 2(a)(6) requires the appellant to file the record within thirty days from the filing of the first notice of appeal. Ark. R. App. P.–Civ. 5(a); *Barr v. FPI Ark., LLC*, 2020 Ark. App. 209, at 7–8, 598 S.W.3d 870, 874; *Murphy v. Michelle Smith Designs*, 100 Ark. App. 384, 269 S.W.3d 390 (2007); *Johnson v. Langley*, 93 Ark. App. 214, 218 S.W.3d 363 (2005). Here, Marble, Price, and Steele filed their notice of appeal on January 24, 2020.[2] They, however, filed the record with our clerk on April 21, 2020— eighty-eight days after the notice of appeal was filed. Because they did not timely file the record in accordance with Rule 2(a)(6), we are without jurisdiction to hear the appeal. *See Conlee v. Conlee*, 366 Ark. 342, 235 S.W.3d 515 (2006) (holding that the timely filing of the record is a jurisdictional requirement for perfecting an appeal).

Dismissed without prejudice.

VIRDEN and GLADWIN, JJ., agree.

*Mays, Byrd & Associates, P.A.*, by: *Richard L. Mays, Sr.*, for appellants.

*Quattlebaum, Grooms & Tull PLLC*, by: *Vincent O. Chadick* and *Brandon B. Cate*, for separate appellee Sangalli Private Ventures, LLC.

---

[2]The circuit court's judgment was entered on January 22, 2020, and the notice of appeal was timely filed two days later.