Cite as 2025 Ark. App. 297

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-23-823

| | |
|---|---|
| | Opinion Delivered May 14, 2025 |
| UNIVERSITY MEDICAL PHARMACEUTICALS CORP.<br>APPELLANT | APPEAL FROM THE BENTON COUNTY CIRCUIT COURT [NO. 04CV-21-2901] |
| V. | |
| | HONORABLE CHRISTINE HORWART, JUDGE |
| TEAM DIRECT MANAGEMENT, LLC<br>APPELLEE | DISMISSED WITHOUT PREJUDICE |

**N. MARK KLAPPENBACH, Chief Judge**

University Medical Pharmaceuticals Corp. appeals the order of the Benton County Circuit Court granting judgment to appellee Team Direct Management, LLC. We dismiss the appeal without prejudice for lack of a final order.

Team Direct filed suit against University Medical in December 2021 alleging claims for breach of a written contract, promissory estoppel, and unjust enrichment. Before trial, Team Direct filed a motion to nonsuit its claim for breach of contract pursuant to Rule 41(a) of the Arkansas Rules of Civil Procedure. The circuit court granted the motion on August 15, 2023, and dismissed without prejudice the breach-of-contract claim. The claims of promissory estoppel and unjust enrichment were heard at a bench trial. After the trial, the circuit court entered judgment in favor of Team Direct in the amount of $460,837.02 on

the basis of unjust enrichment. University Medical filed a timely notice of appeal from this order.

Whether an order is final for appeal purposes is a jurisdictional question that this court will raise sua sponte. *Barr v. FPI Ark. LLC*, 2020 Ark. App. 209, 598 S.W.3d 870. Pursuant to Rule 2(a)(1) of the Arkansas Rules of Appellate Procedure–Civil, a party may appeal from a final judgment or decree entered by the circuit court. A final order is one that dismisses the parties, discharges them from the action, or concludes their rights to the subject matter in controversy. *Barr*, *supra*. Any judgment or order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not terminate the action as to any of the claims or parties absent a certificate from the circuit court directing that the judgment is final. *See* Ark. R. Civ. P. 54(b)(2). Here, the order disposes of fewer than all the claims, and there is no Rule 54(b) certificate.

Team Direct asserted three claims in its complaint, and the order on appeal adjudicates only one of those claims—unjust enrichment. Although Team Direct dismissed its breach-of-contract claim before trial, the parties to a lawsuit cannot create a final order by taking a voluntary nonsuit dismissing their remaining claims without prejudice. *Barr*, *supra*. Voluntary nonsuits are governed by Arkansas Rule of Civil Procedure 41(a), which provides that an action may be dismissed without prejudice to a future action by the plaintiff assuming there has been no previous dismissal. When a nonsuit has been made effective, a new action may be filed within one year of the nonsuit or within the applicable statute of limitations, whichever is longer. *Stodola v. Lynch*, 2017 Ark. 181, 519 S.W.3d 677 (citing Ark. Code

2

Ann. § 16-56-126(a)(1) (Repl. 2005)). The limitations period on a claim for breach of a written contract is five years. *Filat v. Rand*, 2015 Ark. App. 316, 463 S.W.3d 301. The earliest the cause of action would have accrued in this case is December 2020, meaning the time for refiling has not yet expired.

Furthermore, the circuit court's order does not address Team Direct's promissory-estoppel claim. In *City of Fort Smith v. B&A Electric, Inc.*, 2019 Ark. App. 575, the jury returned verdicts in favor of the plaintiffs on both their breach-of-contract claims and their unjust-enrichment claims. The parties agreed that damages could not be awarded for both; accordingly, with the parties' consent, the circuit court entered judgment on only the breach-of-contract claims. We dismissed the appeal because the order did not dispose of the unjust-enrichment claims. Here, the order does not dispose of Team Direct's breach-of-contract claim or promissory-estoppel claim. Consequently, we lack jurisdiction to decide the merits of the appeal.

Dismissed without prejudice.

ABRAMSON and MURPHY, JJ., agree.

*Wilson & Associates, PLLC*, by: *H. Keith Morrison*, for appellant.

*Friday, Eldredge & Clark, LLP*, by: *Kimberly D. Young*, *Marshall S. Ney*, *Katherine C. Campbell*, and *Alexa R. Mizer*, for appellee.